UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

DAVID WAYNE BENNETT                                                    CASE NO. 18-52250
SUSAN MICHELE WAGNOR BENNETT                                  CHAPTER 13

DEBTORS

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO MODIFY CONFIRMED PLAN

The narrow issue before the Court is whether chapter 13 debtors may modify their plan under § 1329(d)[1] when they previously experienced a material financial hardship due to COVID-19 but are currently experiencing a financial hardship unrelated to the COVID-19 pandemic. The Court holds § 1329(d) allows such modification.

This matter is before the Court on Debtors' Motion to Modify their Amended Chapter 13 Plan [ECF No. 25 (the "Plan")] under § 1329(d). [ECF No. 67 (the "Motion").] Debtors request a modification, due to an unexpected increase in expenses, that would suspend their September 2021 payment and "[make it] up by adding it to the end of the [P]lan, extending the duration as necessary." [*Id.* at 1.] The Chapter 13 Trustee's sole remaining objection is:

> The motion seeks to extend the plan beyond the maximum allowable duration but does not state that the requested relief is Covid related as required by 11 U.S.C. § 1329(d). The Debtors previously extended the duration of the plan to 65 months due to a prior extension that was Covid related.

[ECF No. 70.] Debtors respond that the term extension is permissible because the Plan was modified under § 1329(d) on two prior occasions and the Plan as previously modified already has a term exceeding 60 months. [ECF No 73.]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this proceeding. 28 U.S.C. § 1334(b). Venue is proper in this District. 28 U.S.C. § 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

**PROCEDURAL BACKGROUND**

Debtors' 60-month Plan was confirmed on March 25, 2019. In December 2020, Debtors sought a plan modification because of a "decrease in income due to COVID-19." [ECF No. 61.] The Court granted that modification without objection. [ECF No. 63.] Four months later, in August 2021, Debtors again moved to modify their Plan because "both Debtors, who are part-time teachers, lost income due to the closure of in person learning as a result of COVID-19 restrictions." [ECF No. 64.] The Court also granted this modification without objection and, as a result of both modifications, the Plan's term was extended several months beyond the original 5-year term. Debtors argue that, because they were permitted to modify the Plan previously for COVID-19-related reasons, § 1329(d) permits a subsequent modification for a different reason. Trustee contends that a debtor may only extend a plan's term beyond 60 months when the proposed modification is necessitated by a COVID-19-caused financial hardship. Debtors' current Motion does not reference COVID-19. Consequently, Trustee concludes that Debtors cannot modify under § 1329(d).

**DISCUSSION**

Resolving disputes regarding the Bankruptcy Code's meaning begins "with the language of the statute[.]" *In re Connolly N. Am., LLC*, 802 F.3d 810, 815 (6th Cir. 2015) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). If the statute's language is clear, then courts should look no further "because Congress 'says in a statute what it means and means

in a statute what is says.'" *Id.* (citation omitted).  Therefore, "the sole function of the courts . . . is to enforce [the Code] according to [the plain meaning of] its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (citations omitted).

Section 1329(c) generally limits a modified plan's term to a maximum period of 60 months.  However, in response to the COVID-19 pandemic, the "most significant public health disaster . . . in the last century," Congress enacted § 1329(d) in an attempt "to ameliorate some of the initial adverse financial impacts of the [] pandemic and ensure future financial stability[.]" *In re Albert*, No. BR 16-15128, 2021 WL 4994413, at *8 (Bankr. D. Colo. Oct. 27, 2021).  This "fairly new amendment to the Bankruptcy Code [was] designed to protect bankruptcy debtors adversely impacted by the [] pandemic." *Id.* at *2.  Specifically, § 1329(d) provides:

> (1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of the COVID–19 Bankruptcy Relief Extension Act of 2021, the plan may be modified upon the request of the debtor if—
>
>> (A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic; and
>> (B) the modification is approved after notice and a hearing.
>
> (2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.

11 U.S.C. § 1329(d).

The Sixth Circuit has not yet interpreted § 1329(d).  It has, however, construed other § 1329 subsections by "only permitting modifications that strictly fall within the parameters of § 1329[.]" *In re Storey*, 392 B.R. 266, 271 (B.A.P. 6th Cir. 2008) (citing *In re Parmenter*, 527 F.3d 606, 609-10 (6th Cir. 2008)).

3

Trustee reads an additional requirement into the statute and would have the Court hold that § 1329(d) only permits plan modification when a debtor "is experiencing" a financial hardship due to the COVID-19 pandemic. This contradicts the statute's plain language as it expressly allows modification and an extension of the plan term up to seven years when "the debtor . . . *has experienced* a material financial hardship due, *directly or indirectly*, to the coronavirus disease 2019 (COVID–19) pandemic." 11 U.S.C. § 1329(d) (emphasis added).

Here, the record is undisputed that Debtors have experienced a material financial hardship due to the COVID-19 pandemic. In fact, two such hardships led to prior plan modifications. Nothing in the statutory language requires that the COVID-19 hardship must still exist at the time of the proposed modification or underlie the requested modification if a prior modification occurred due to a COVID-19 hardship. Following the Sixth Circuit's precedent strictly construing the plain language of § 1329, debtors may modify under § 1329(d) even if their current financial hardship is not due to COVID-19 so long as they have previously experienced a material financial hardship due to the pandemic.

Other bankruptcy courts have granted motions to modify confirmed plans under § 1329(d) by refusing to read requirements into the statute that differ from its plain language. One court granted the debtors' motion to modify under § 1329(d) despite the debtors' pre-COVID-19 defaults in plan payments because it refused to "splice words into the [Code requiring] debtors to clear a third hurdle . . . to qualify for modification under § 1329(d): [being] current on plan payments [that were due prior to § 1329(d)'s enactment on] March 27, 2020 . . . ." *In re Fowler*, No. 16-31791-WRS, 2020 WL 6701366, at *4 (Bankr. M.D. Ala. Nov. 13, 2020). Holding in accord with *Fowler*, another court explained "that the CARES Act allows

4

modification of a confirmed plan if a debtor is experiencing or has experienced a material financial hardship due to the coronavirus pandemic, regardless of whether the debtor was current in his or her payments prior to the pandemic or whether the material financial hardship is solely caused by the pandemic." *In re Gilbert*, 622 B.R. 859, 861 (Bankr. E.D. La. 2020).[2] This Court likewise refuses to depart from the plain language of § 1329(d). That is, this Court does not read § 1329(d) as requiring a debtor to be *currently experiencing* a material financial hardship due to the COVID-19 pandemic in order to qualify for a modification under § 1329(d).

For these reasons, this Court sees "nothing in . . . the CARES Act [that] forecloses the relief available under § 1329(d) to those [d]ebtors" who are experiencing a non-COVID-related financial hardship when they have experienced a prior material financial hardship due to the COVID-19 pandemic. *Id*. at 864.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Debtors' Motion [ECF No. 67] is GRANTED and the Trustee's Objection is overruled.

---

[2] *See also In re Harbin*, 626 B.R. 888, 891 (Bankr. E.D. Mich. 2021) (granting debtors' motion to modify under § 1329(d) for COVID-related and non-COVID-related reasons: "[d]ue to [Debtor's heart attack] and need for 24 hour attention, Co-Debtor [is and/or was] not able to get [part-time] employment . . . because companies were not hiring during the Covid-19 pandemic."); *Albert*, 2021 WL 4994413, at * 10 (granting debtor's motion to modify under § 1329(d) for COVID-related and non-COVID-related reasons: increased expenses and decreased income due to COVID along with non-COVID-related "health setbacks").

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Tuesday, December 14, 2021**
(tnw)